# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULINE ELEBY, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 10-1500 |
| : | |
| TRACY STEIGERWALD, : | |
|     Defendant. : | |

Diamond, J.                                                                                                                     April 30, 2010

## MEMORANDUM

Some ten months ago, Pennsylvania citizen Pauline Eleby began a state court negligence action against New Jersey citizen Tracy Steigerwald, seeking $50,000 or less in damages. On April 5, 2010, six days after Plaintiff's counsel said that Ms. Eleby would not stipulate to damages below $75,000, Defendant removed to this Court on diversity grounds. Plaintiff now asks me to remand, arguing that her lawyer's statement is inadequate to make out the $75,000 threshold for diversity jurisdiction. I agree and will remand to state court.

## I.     Background

On July 10, 2009, Plaintiff Eleby sued Defendant Steigerwald in Philadelphia Common Pleas Court, alleging that on November 29, 2007, Defendant negligently drove her car, injuring Plaintiff. *(Doc. No. 1, Ex. A.)* Plaintiff sought damages "not in excess of Fifty Thousand Dollars ($50,000.00) along with costs, fees, and such other relief as the Court may deem necessary and appropriate." *(Id.)* Because the damages claim did not exceed $50,000, the matter was subject to compulsory arbitration. On March 9, 2010, an arbitration panel awarded Plaintiff $50,000 -- the

maximum amount she sought. *(Doc. No. 1, Ex. B.)* Plaintiff nonetheless appealed the arbitration award and sought a trial *de novo* in Common Pleas Court. *(Doc. No. 1, Ex. C.)* During a telephone conversation on the day Plaintiff took the appeal -- March 30, 2010 -- her lawyer apparently told defense counsel that Ms. Eleby would not stipulate to damages below $75,000. On March 31, 2010, defense counsel sent a letter to Plaintiff's counsel confirming this conversation. *(Doc. No. 1, Ex. D.)* Plaintiff has not disputed the letter's accuracy. On April 5, 2010, Defendant removed to this Court on diversity grounds. *(Doc. No. 1.)*

On April 20, 2010, Plaintiff filed the instant Motion to Remand, arguing that the removal of this action was improper "because the amount in controversy has not been alleged to be more than $75,000." *(Doc. No. 4 at 2.)*

## II. **Diversity Jurisdiction and Removal**

Although state court cases with diverse parties are commonly removed to federal court, the requirements of removal are often disputed -- as they are here. The district court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where the plaintiff brings such an action in state court, it "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; see also Salce v. First Student, Inc., 2009 U.S. Dist. LEXIS 94589, at *2 (D.N.J. Oct. 8, 2009) (a defendant may remove an "action from state court pursuant to 28 U.S.C. § 1441(a), grounding the basis for removal in federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)").

A defendant must seek to remove within thirty days of receiving "the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Where "the case stated by the initial pleading is not removable," however, the defendant may remove the action within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may . . . be ascertained that the case is one which is or has become removable . . . ." Id. As the removing party, the defendant "bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

### III. Discussion

Because Plaintiff alleged in state court that she was entitled to damages "not in excess" of $50,000, "the case stated by [Plaintiff's] initial pleading" was not removable, as "the matter in controversy" did not "exceed[] the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. §§ 1446(b), 1332(a). Rather, Defendant could remove this action only if she received "an amended pleading, motion, order or other paper from which it [could] be ascertained that the case is one which is or has become removable [under the diversity statute]." 28 U.S.C. § 1446(b). Defendant argues that this requirement was met when Plaintiff's counsel stated on March 30th that Ms. Eleby would not stipulate to less than $75,000 in damages. *(Doc. No. 6, Mem. at 3.)* I do not agree. Neither the March 30th statement nor Defendant's March 31st confirming letter triggered § 1446(b)'s thirty day removal clock.

3

**Counsel's March 30th Statement**

Defendant argues that because opposing counsel's March 30th statement constituted an "other paper" under § 1446(b), Defendant's April 5th removal of this matter was both timely and proper. *(Doc. No. 6, Mem. at 2.)* Defendant's argument confounds the English language and the law.

Although "several courts, including this one, have concluded that [written] correspondence between parties can be 'other paper,'" Defendant offers no legal authority -- and I can find none -- to support her counter-intuitive suggestion that an off-the-record oral statement to opposing counsel is a "paper" under § 1446. Efford v. Milam, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005) (citing Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000); Broderick v. Dellasandro, 859 F. Supp. 176, 180 (E.D. Pa. 1994); Rahwar v. Nootz, 863 F. Supp. 191, 192 (D.N.J. 1994); Hessler v. Armstrong World Indus., 684 F. Supp. 393, 394 (D. Del. 1988)). On the contrary, courts have held just the opposite: that oral communications between counsel "are incapable of triggering the thirty-day limitation for removal." Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 612 (D.N.J. 2001); see also Jiminez v. Sears, Roebuck & Co., 2010 U.S. Dist. LEXIS 22031, at *4 (C.D. Cal. Feb. 18, 2010) ("[D]istrict courts have generally held that oral statements are not an 'other paper' which triggers removal under 42 U.S.C. § 1446(b).") (citations omitted); Horos v. Allstate Ins. Co., 2003 U.S. Dist. LEXIS 18170, at *5 (E.D. Pa. Sept. 18, 2003) ("[Defendant] has pointed to no 'amended pleading, motion, order or other paper' that forms the basis of its removal notices. The Notice[s] for Removal state only that Plaintiff's counsel informed defense counsel 'via conversation' that his client refused to stipulate to damages below

$75,000.00. Therefore, from a plain reading of the statute, the 'paper' to which § 1446(b) refers appears lacking here."); Smith v. Nike Retail Servs., 1998 U.S. Dist. LEXIS 5721, at *4 (E.D. Pa. Apr. 7, 1998) (for removal purposes, "it is irrelevant that plaintiff's counsel allegedly informed defendants' counsel that this action was worth between $75,000 and $125,000").

In sum, counsel's March 30th oral statement was not a "paper" triggering § 1446's thirty day clock.

**Defendant's March 31st Letter**

Because the March 31st letter confirming counsel's March 30th statement was authored by Defendant (and not Plaintiff), that letter cannot constitute an "other paper" within the meaning of § 1446(b). Defendant correctly notes that "the majority of courts 'have given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope.'" Rehman v. Basic Moving, 2009 U.S. Dist. LEXIS 41281, at *9 n.6 (W.D. Pa. May 15, 2009) (quoting 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. 1998)); see also Broderick, 859 F. Supp. at 178 ("[T]he purpose of the [removal] statute is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner.") (citations and quotation marks omitted). As I have discussed, that "embracive construction" includes correspondence between counsel.

In all these cases, however, the defendant was the recipient -- not the issuer -- of the correspondence at issue. See, e.g., Babasa v. LensCrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007) (thirty day removal period began when defendant received plaintiffs' letter claiming

5

damages above jurisdictional threshold); Addo, 230 F.3d at 761-62 (plaintiff's letter offering to settle for an amount in excess of $75,000 was "other paper" for § 1446(b) purposes); Efford, 368 F. Supp. 2d at 386 ("[Plaintiff's] April 13, 2004 letter . . .was an 'other paper from which it may first be ascertained that the case is one which is or has become removable' under § 1446(b)'s second paragraph. Thus, defendants were required to file their notice of removal within thirty days of their receipt of the letter."); Broderick, 859 F. Supp. at 180 (letter from plaintiff's counsel provided defendant with "actual notice by 'other paper' of facts supporting the removability of the action"); Rahwar, 863 F. Supp. at 192 ("[P]laintiff's statement of damages letter is an 'other paper' within the meaning of 28 U.S.C. § 1446(b)."); Hessler, 684 F. Supp. at 394 ("[D]efendants here had received adequate notice, both by letters and by statements made in the Superior Court, to determine in October, 1987, and further in December, 1987, that the requisites of removability were present.").

These uniform holdings were compelled by the explicit language of § 1446(b): where "the case stated by the initial pleading is not removable," a defendant may remove the action only "after *receipt by the defendant* . . . of an amended pleading, motion, order or other paper from which it may . . . be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added); see also Efford, 368 F. Supp. 2d at 385 ("[D]ocuments trigger [§ 1446's] thirty-day removal period only when they are the result of 'a *voluntary act of the plaintiff* which effects a change rendering a case subject to removal (by defendant) which had not been removable before the change.'") (quoting Debry v. Transamerica Corp., 601 F.2d 480, 487 (10th Cir. 1979)) (emphasis added). Because "amended pleadings,

motions, orders or other papers" that are issued by a defendant obviously cannot also be received by that defendant, the March 31st letter issued by defense counsel is not an "other paper" under § 1446.

## IV.    Conclusion

I will grant Plaintiff's Motion and remand this matter to Philadelphia Common Pleas Court.  See 28 U.S.C. § 1447 (2009) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

I note in closing that this dispute arose from Plaintiff's contradictory actions: having pled that her damages were less than $50,000, Plaintiff nonetheless appealed the $50,000 arbitration award and then refused to stipulate that her damages were less than $75,000.  Plaintiff may not engage in

> gamesmanship and forum- and judge-shopping by . . . filing in state court to seek exorbitant damages against the chance the case will not be removed, and then [reducing] their demands if the case is removed to federal court, or not, depending on their happiness with the assigned judge.  Such gamesmanship, and the resulting ping-ponging of cases from state to federal court and back again, should not be permitted.

Purple Passion, Inc. v. RCN Telecom Servs., 406 F. Supp. 2d 245, 247 (S.D.N.Y. 2005); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[B]ecause federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, [plaintiff's] counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.").

Having asked me to remand because her damages do not exceed $75,000, Plaintiff may not, after remand, properly seek more than $75,000 in damages.  If Plaintiff nonetheless submits

7

after remand a pleading, motion, or other paper indicating that her damages exceed $75,000, this might well allow Defendant again to remove the case to this Court. See Kane v. Mayerson, 2009 U.S. Dist. LEXIS 43704, at *1-2 (E.D. Pa. May 21, 2009). Any costs or delay from such "ping-ponging . . . from state to federal court and back again" would result entirely from Plaintiff's protean damages claims.

An appropriate Order follows.

**BY THE COURT.**

*/s/ Paul S. Diamond*
_____
**Paul S. Diamond, J.**